# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD A. SEATON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18CV105 NAB |
| | ) | |
| JOHNSON COUNTY JAIL, ET AL., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Richard A. Seaton, Sr.'s amended complaint pursuant to 28 U.S.C. § 1915. (Docket No. 9). For the reasons discussed below, this action must be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree*

*Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff filed his original complaint on November 29, 2018, along with a motion for leave to proceed in forma pauperis, a motion to appoint counsel, and a motion for preliminary injunction and temporary restraining order. (Dockets No. 1,2,4,5). On December 11, 2018, the Court granted plaintiff's motion for leave to proceed in forma pauperis and assessed an initial partial filing fee of $45.56. (Docket No. 8). The Court further denied his motion to appoint counsel and his motion for a preliminary injunction and temporary restraining order.

The Court also ordered plaintiff to file an amended complaint due to defects in his initial complaint. Specifically, the Court noted that plaintiff's claims against a number of defendants in Johnson County, Missouri, were not brought in the proper venue. As to the remaining defendants, the Court explained that plaintiff had failed to allege their direct responsibility for violating his constitutional rights. Specifically, plaintiff's complaint contained a general outline of his medical situation, but then relied on vague and conclusory language to assert liability, rather than demonstrating a nexus between each defendant and the harm he or she personally caused.

The Court directed the Clerk of Court to send to plaintiff a copy of the Court's civil rights complaint form. Plaintiff was given thirty days in which to file an amended complaint according to the instructions set forth in the order. On January 2, 2019, plaintiff filed an amended complaint, which is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

**The Amended Complaint**

At all times relevant to this amended complaint, plaintiff was incarcerated at the Farmington Correctional Center (FCC) in Farmington, Missouri.[1] He brings this action pursuant to 42 U.S.C. § 1983. The amended complaint is handwritten on a Court-provided form and includes a number of grievances and grievance responses that will be treated as part of the pleading.[2] Plaintiff names Corizon Healthcare Services, Dr. Robert Wudel, and Nurse Dawn Wade as defendants. Dr. Wudel and Nurse Wade are sued in both their official and individual capacities. (Docket No. 9 at 2-4).

---

[1] When plaintiff initially filed his amended complaint, he stated that he was an inmate at the Northeast Correctional Center, in Bowling Green, Missouri. He has subsequently filed a notice of change of address that indicates he is no longer incarcerated. (Docket No. 10).

[2] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

Plaintiff alleges that Corizon has denied him the "necessary eye care subscribed by outside physicians" by not permitting Dr. Wudel to treat his eye condition. (Docket No. 9 at 5). He states that this denial amounted to deliberate indifference, causing him "to lose what eyesight he did have left in his left eye." Plaintiff further alleges that Dr. Wudel "refused to properly treat [him] for his eye condition," thereby being "deliberately indifferent to his medical needs." Finally, plaintiff claims that Nurse Wade "was deliberately indifferent when she failed to process, from diagnosis, the failing condition of plaintiff's eye condition."

Based on the documents attached to the complaint, it appears that plaintiff suffers from macular degeneration, for which he has been receiving Avastin injections. (Docket No. 9 at 12, 15). Plaintiff asserts, however, that an outside specialist has prescribed Ranibizumab injections, but that this has not been approved as part of his treatment plan. (Docket No. 9 at 16-17). He alleges that he has not received the Ranibizumab injections because of the high cost. (Docket No. 9 at 7).

Plaintiff's eye condition existed before he entered FCC. However, he states that the failure of defendants to treat him in the way prescribed by an outside specialist has caused him to "lose what vision he did have before defendants' denial to treat him." (Docket No. 9 at 5). Plaintiff seeks an order directing defendants to provide him with the eye injections prescribed by his outside specialist. (Docket No. 9 at 6). He also seeks $25,000,000 in compensatory damages and $25,000,000 in punitive damages.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He names Corizon Health Care Services, Dr. Robert Wudel, and Nurse Dawn Wade as defendants. He accuses defendants of being deliberately indifferent to his medical needs with regards to treating a degenerative eye

condition. For the reasons discussed below, plaintiff's amended complaint must be dismissed for failure to state a claim.

### A. Defendant Corizon Health Care Services

Plaintiff's claim against Corizon Health Services must be dismissed because plaintiff has not alleged that the alleged violation of his constitutional rights resulted from a Corizon policy, custom, or official action.

Corizon is a private entity that contracts with the Missouri Department of Corrections to provide healthcare services to inmates. A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"). Thus, to state a claim against Corizon, plaintiff must allege that his rights were violated due to a policy, custom, or official action.

"Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the…official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face…a plaintiff must establish the existence of a 'policy' by demonstrating

that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

In order to establish an unconstitutional custom, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the…entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the…entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the…entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*See Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

The entirety of plaintiff's claim against Corizon consists of his allegation that Corizon denied him "necessary eye care" by refusing to give "Dr. Wudel permission to treat his eye condition." (Docket No. 9 at 5). This appears to be a reference to the Ranibizumab injections that plaintiff states he requires, but which he claims he did not receive because it was too expensive. These allegations are insufficient to establish Corizon's liability under § 1983.

First, there is no indication in the amended complaint that plaintiff's claimed injury resulted from an unconstitutional policy promulgated by Corizon. That is, there are no allegations demonstrating that plaintiff was denied treatment because of "a deliberate choice of a guiding principle or procedure made by the…official who has final authority regarding such matters." Likewise, plaintiff presents no facts showing "a continuing, widespread, persistent pattern of unconstitutional misconduct" by Corizon employees, or that Corizon officials were deliberately indifferent to such conduct, such as is necessary to support the existence of an unconstitutional custom. Finally, the only official action identified by plaintiff is the vague assertion that Corizon did not give Dr. Wudel "permission" to treat his eye condition in

accordance with the recommendations of the "outside physicians." This is inadequate to show the infliction of an actionable injury; rather, it merely suggests a disagreement over treatment options, which is not cognizable. *See Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015) (stating that disagreement with diagnoses and treatment decisions is not actionable under § 1983). Therefore, plaintiff's claim against Corizon must be dismissed.

**B. Official Capacity Claims Against Defendants Wudel and Wade**

Plaintiff's official capacity claims against defendants Wudel and Wade are actually claims against their employer. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Dr. Wudel and Nurse Wade are alleged to be employed by Corizon. Thus, plaintiff's official capacity claims against them are really claims against Corizon itself. As discussed above, plaintiff has failed to state a claim against Corizon. Therefore, the official capacity claims against Dr. Wudel and Nurse Wade must likewise be dismissed.

**C. Individual Capacity Claims Against Defendants Wudel and Wade**

Plaintiff's individual capacity claims against defendants Wudel and Wade for deliberate indifference to his medical needs must be dismissed.

The government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one

that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, plaintiff alleges that Dr. Wudel failed to "properly treat [him] for his eye condition," and that Nurse Wade "failed to process, from diagnosis, the failing condition of plaintiff's eye condition." (Docket No. 9 at 5). While plaintiff has clearly established a serious medical need, his allegations do not state a claim of deliberate indifference against either defendant.

First, plaintiff's pleading relies almost entirely on conclusory language and on restatements of the elements of a cause of action. He states that both Dr. Wudel and Nurse Wade were deliberately indifferent and violated his constitutional rights, but makes little effort to articulate exactly what they did or did not do to constitute such indifference. Courts are not required to accept such pleadings as true. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

Second, plaintiff does not show the direct responsibility of each defendant for allegedly violating his constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the alleged

deprivation of rights"). Plaintiff indicates that he is losing vision in his left eye due to a degenerative condition. What he fails to establish, however, is how Dr. Wudel or Nurse Wade is responsible for this result.

Finally, when the amended complaint is read as a whole, including the exhibits plaintiff has attached to the pleading, it becomes clear that plaintiff has not been denied medical care for his eye condition. Instead, the crux of his amended complaint is that he has not been given a particular type of treatment, specifically, a Ranibizumab injection.

As noted above, deliberate indifference requires a plaintiff to prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts*, 917 F.3d at 1042. This requires an inmate to demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). To that end, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).

Plaintiff makes no attempt to show why the denial of Ranibizumab injections, as opposed to the Avastin injections he is receiving, is so inappropriate that it evinces intentional maltreatment or a refusal to provide essential care. Instead, he merely asserts in his grievances – without anything more – that Ranibizumab is the proper treatment, as it was recommended by an outside specialist. Rather than demonstrating that Dr. Wudel and Nurse Wade have delayed or denied him proper medical care, or even that they played any role in deciding whether he received the Ranibizumab injections, all plaintiff has done is highlight a disagreement over the proper course of treatment. In order to prove deliberate indifference, plaintiff is required to show more than a "mere disagreement with treatment decisions." *See Krout v. Goemmer*, 583 F.3d

557, 567 (8th Cir. 2009). Here, he has only stated a preference for one type of treatment over another, without attempting to demonstrate why the treatment he is receiving is improper. For these reasons, plaintiff's individual capacity claims against defendants Wudel and Wade must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of May 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE